USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RANDEL TROTMAN,

                                   Plaintiff,

                -against-

LIEUTENANT LOUIS ZANERI, P.O. TIMOTHY
HAGAN, P.O. JACOB MERINO, SERGEANT
FRANK MAIELLO, P.O. EDWARD LIBASSI, P.O.
JAMES LILLA, P.O. FRANKLIN CARAVELLA,
and THE CITY OF NEW YORK,

                                  Defendants.
------------------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER**

08 CV 8066 (WHP)

        **WHEREAS**, plaintiff has sought certain documents from defendants City of New York, Sergeant Hagan, Police Officer Libassi, and Police Officer Merino in discovery in this action, documents which defendants deem confidential, and;

        **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff and defendants, as follows:

        1. As used herein, "Confidential Materials" shall mean certain personnel records of Police Officer Caravella, Sergeant Hagan, Police Officer Libassi, Police Officer Lilla, Sergeant Maiello, Police Officer Merino, and Lieutenant Zaneri, and the information contained therein; and other documents that may be, from time to time, designated by defendants as "Confidential Materials," except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

    b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court

enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### **CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies and non-conforming copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the confidential materials in any manner.

Dated: New York, New York
       May 12, 2009

Alan D. Levine, Esq.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
(718) 793-6363

By: _____
    Alan D. Levine, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York,
Sergeant Hagan, Police Officer Libassi,
and Police Officer Merino
100 Church Street
New York, New York 10007
(212) 341-9848

By: _____
    Diep Nguyen
    Assistant Corporation Counsel
    Special Federal Litigation Division

SO ORDERED:

_____
U.S.D.J.
William H. Pauley III
5/14/2009

- 4 -

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled <u>Randel Trotman v. Lieutenant Louis Zaneri, et al.</u>, 08 CV 8066 (WHP), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____        _____
Date                                                           Signature

                                                                                      _____
                                                                                                    Print Name

                                                                                      _____
                                                                                          Occupation